# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

VAUGHAN BEARD AND C. G. PITTMAN v. R. L. BRYANT, JR., ADM'R, ETC.

June 14, 1943.

Record No. 2679.

Present, Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Drewry & Cromwell* and *Preston P. Taylor*, for the plaintiffs in error.

*Leigh D. Williams*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

R. L. Bryant, Jr., administrator of the estate of R. L. Bryant, obtained a verdict and judgment for $7,500, in this action for death by wrongful act, against Vaughan Beard and C. G. Pittman, operator and owner of the truck that struck and killed decedent.

The dominant question presented is whether the evidence, tending to prove the negligence of defendants, is sufficient to support the verdict.

The accident occurred on an aviation landing field at the Norfolk Naval Air Station. The runway under construction, extending east and west, was 75 feet wide and divided into three 25-foot lanes. A concrete mixing machine was being operated in the center lane. Trucks were backed from

west to east to the mixing machine, and daily dumped 250 to 300 loads of sand and gravel into it. R. L. Bryant, who was employed by one of the construction companies as a checker, was required to keep an account of the loads dumped into the mixer. In performance of this duty, he punched a card held by each truck driver, thereby indicating the number of loads each truck dumped.

The evidence for plaintiff is that it was usual and customary for the operators of the loaded trucks to back their trucks in a straight line, one behind the other, on the south side of the middle lane, to the mixer, dump their loads in turn, and, on leaving the mixer with the empty trucks, to use the north side of the middle lane.

On the day of the accident, December 15, 1941, one L. W. Johnson, driver of another truck owned by Pittman, was backing his loaded truck toward the mixer when, just before it became his turn to unload, the concrete mixer was stopped. Johnson parked his truck in line. Beard backed his truck in line on the south side to within 100 feet of the mixer and stopped in front and to the west of the Johnson truck. Beard cut his motor off, walked to the Johnson truck and there talked to Johnson a few minutes. When the mixer was started, Beard got in his truck and started his motor, but, instead of backing in the line of the Johnson truck, he backed out of the line usually followed by loaded trucks northeast diagonally across the 25-foot lane into the lane of traffic used by the drivers of empty trucks going west from the mixer. As Beard neared the north side of the middle lane, his truck struck R. L. Bryant, inflicting the injuries from which he died within four days thereafter.

While the mixer was idle, Bryant checked both Johnson's and Beard's loads, after which he was last seen, immediately before the accident, in front and to the west of the Johnson truck, walking north straight across the middle lane. No witness who saw the impact was introduced by either side.

Defendants contend, first, that the foregoing is insufficient to establish negligence; and, second, that, if defendants were

negligent, the plaintiff's decedent was guilty of contributory negligence.

The testimony of Beard and Johnson, for defendants, is that, after the mixer was stopped temporarily, their trucks were parked in the usual line leading to the dumping place, that this line was on the *north* side of the middle lane, and that, when Beard started backing after the mixer began working, he backed eastward straight along the *north* line and immediately behind the Johnson truck. Neither of these witnesses saw Bryant from the time he punched Johnson's card until after the accident. If the jury had believed this testimony, its verdict necessarily would have been for defendants.

However, the evidence for plaintiff presents an entirely different situation. From it the jury had a right to believe that Beard, for no apparent reason and without keeping a proper lookout for pedestrians or other users of the runway in line of his moving truck, backed out of the traffic lane usually used by trucks backing to the dumping place and across the 25-foot lane immediately in the pathway customarily used by empty trucks leaving the dumping place. This testimony is sufficient to convict defendants of negligence.

■ ■ The burden of proving contributory negligence, unless it appeared from plaintiff's evidence, was on defendants. The jury had a right to find that the noise of the operating concrete machine and the noise of other moving trucks rendered it impossible, or improbable, for decedent to hear the noise of Beard's truck backing toward him from his rear, and that Bryant knew that it was customary and usual for only empty trucks leaving the dumping place going west to use the north side of the middle lane. This being true, ordinary care for his own safety required him, in walking north across the middle lane, to be on the alert for empty trucks approaching from the east, but there was no reason for him to expect or anticipate that a loaded truck would be moving east on the north side of the middle lane.

The issues of negligence and contributory negligence were proper issues on the evidence to be determined by a jury.

There is no merit in the other errors assigned, and they are not of sufficient importance to warrant discussion.

For the reasons stated, the judgment of the trial court is

*Affirmed.*